# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE CARVALHO,<br>    Petitioner | : | No. 1:07-cr-01242 |
| v. | : | (Chief Judge Kane) |
| HARRY WILSON and<br>ATTORNEY GENERAL OF<br>THE STATE OF PENNSYLVANIA,<br>    Respondents | : | |

## MEMORANDUM ORDER

Presently pending before the Court is Petitioner Eugene Carvalho's motion for reconsideration of this Court's December 21, 2010 memorandum order denying Petitioner relief pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. No. 35.) In the December 21, 2010 order, the Court found that the extraordinary relief provided by Rule 60(b)(6) was not warranted given the particular facts of this case. (See Doc. No. 34.) Specifically, the Court noted:

> Here, Petitioner seeks to reopen a case which was dismissed without prejudice for his failure to exhaust his administrative remedies. The only basis that Petitioner can provide for reopening the case is that he has not received any final decision as to his amended PCRA petition which he filed on June 8, 2009. This set of circumstances does not rise to the level of the extraordinary and special circumstances warranting relief under Rule 60(b)(6). Furthermore, because his previous § 2254 motion was dismissed without prejudice, to the extent that Petitioner believes that he has now exhausted his administrative remedies, the correct course of action for him will be to file a timely petition under § 2254. See Hull v. Kyler, 190 F.3d 88, 103 (3d Cir. 1999) ("Typically, when a complaint (or habeas petition) is dismissed without prejudice, that complaint or petition is treated as if it never existed.").

(Doc. No. 34 at 3.)

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.

1985). Accordingly, a party seeking reconsideration must demonstrate: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

In his motion for reconsideration, Petitioner makes the same argument that he made in his Rule 60(b)(6) motion, namely that he has experienced an inordinate delay in the state court PCRA process. (Doc. No. 35 at 1.) Petitioner asserts:

> This Honorable Court is correct when stating petitioner has not received any final decision - - not to his amended PCRA petition, but his initial PCRA petition, which is one in the same [with the petition] initially filed in July 2004. Thus the inordinate delay is in excess of [s]ix-and-one-half . . . years, and not [eighteen] months as the Order states.

(Id. at 3 (emphasis omitted).)

In this way, Petitioner attempts to characterize the delay he has experienced in the state court PCRA process as being six-and-a-half years. However, as Magistrate Judge Mannion recognized in his May 29, 2009 report and recommendation which this Court adopted, any delay in adjudicating Petitioner's PCRA petition appears to be the fault of Petitioner in not filing an amended petition. (See Doc. No. 25 at 4-5.)[1] Therefore, Petitioner's motion for relief from

---

[1] Specifically, Judge Mannion wrote:

> In this case, petitioner has not exhausted the claims contained in his habeas petition because his PCRA petition is still pending before the Northumberland County Court of Common Pleas. A review of the Court of Common Pleas criminal docket reveals that the petitioner filed his PCRA petition on or about July 26, 2004. As explained the PCRA court denied granting the petition on August 29, 2005 and permitted counsel to withdraw. Petitioner appealed pro se to the Superior Court. On September 5, 2006, a Certificate of

judgment failed to warrant the extraordinary relief provided by Rule 60(b)(6). Likewise, in his present motion for reconsideration, Petitioner has not presented the Court with any reason to conclude that this Court's previous memorandum order was clearly erroneous or manifestly unjust.

**ACCORDINGLY**, on this 4th day of January 2011, it is **HEREBY ORDERED THAT** Petitioner's motion for reconsideration (Doc. No. 35) is **DENIED**. The above-captioned case shall remain closed.

S/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania

---

Remittal/Remand of Record and Memorandum from the Superior Court of Pennsylvania was filed. This filing included the Superior Court's decision of July 24, 2006, which vacated the PCRA court's order that had denied the petitioner's PCRA petition and had granted counsel's request to withdraw. On November 15, 2006, counsel (Michael Alan Rutt, Esq.) filed a (renewed) motion to withdraw (in compliance with the Superior Court's order). The PCRA court granted counsel's motion on November 16, 2006, and appointed another attorney (John Daniel Broda, Esq.) to represent the petitioner. Broda later filed a motion to withdraw which was subsequently granted by the PCRA court. However, the PCRA court has yet to decide the petition as remanded by the Superior Court according to the petitioner's criminal docket number in the Court of Common Pleas of Northumberland County is CP-49-CR-0000912-2001.

Moreover, the fault in regard to the delay by the state court in adjudicating the PCRA petition post-remand does not seem to rest with that court or with the respondents. The Superior Court's remand order ordered petitioner (albeit through his, then, attorney) to file an amended petition. Apparently, no such petition was filed. Again proceeding pro se, the petitioner has yet to file his amended PCRA petition. That amounts to his failure to exhaust.

(Doc. No. 25 at 3-5.)